**NOT FOR PUBLICATION**                                              **CLOSED**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                    :
RODOLFO RUBIO,                      :
                                    :  Civil Action No. 08-0092 (JLL)
         Petitioner,                :
                                    :
    v.                              :         O P I N I O N
                                    :
UNITED STATES DEPARTMENT OF         :
HOMELAND SECURITY, et al.,          :
                                    :
         Respondents.               :
_____:

**APPEARANCES:**

Ruben Alberto, Pro Se
#581807/SBI 93
Northern State Prison
B-3-W
168 Frontage Road
Newark, NJ 07114

**LINARES, District Judge**

On January 10, 2008, Petitioner submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  He also submitted an application to proceed in forma pauperis.[2]  The

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2]  Petitioner's in forma pauperis application is incomplete in that it is not signed by Petitioner and does not include a certified statement of Petitioner's prisoner account holdings.

respondents are the United States Department of Homeland Security ("DHS"); DHS Headquarters; and Lydell B. Sherrer, the warden of the Northern State Prison where Petitioner is incarcerated.

The Court has considered Petitioner's submissions.  For following reasons, the Petition will be dismissed.

### BACKGROUND

Petitioner is currently serving a state criminal sentence in New Jersey after convictions for robbery and possession of controlled dangerous substances.  His projected maximum release date, and projected parole eligibility date, are both listed as February 6, 2011.[3]

Petitioner is a native of Cuba.  (Petition, ¶ 10c).  He states that there is a final order of removal issued against him to remove him to Cuba.  However, he argues that "there should not be a reason to be placed into confinement again by DHS-I[mmigration and] C[ustoms] E[nforcement] because there is no foreseeable future of removal and civil laws are not punitive if there is no process I should be let out on Order of Supervision immediately."  (Petition, ¶ 13).  Petitioner states that although he is not in DHS custody, there is a "detainer/warrant" lodged

---

However, considering that the Court is dismissing the action, the Court will give Petitioner the benefit of the doubt and accept his statements of poverty, and grant the application.

[3]  This information was obtained from the inmate locator available on the New Jersey Department of Corrections website, at http://www.state.nj.us/corrections/.

against him. (Petition, ¶ 10a). He further asserts that "he has not violated any immigration laws and has not left the State or Country since his initial entry from Cuba." (Petition, ¶ 10c).

Thus, Petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, stating that: (1) he is "in custody" because there is a detainer issued against him; and (2) he is in detention without cause because (a) it is impossible to remove him to Cuba, his native country, and/or (b) he has not violated any immigration laws warranting such removal.

## STANDARD OF REVIEW

Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief. Habeas Rule 4 provides in relevant part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

See 28 U.S.C. § 2254 Rule 4 (applicable through Rule 1(b) to petitions under 28 U.S.C. § 2241).

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition is required to "specify all the grounds for relief available to the petitioner [and] state the facts supporting each

ground." 28 U.S.C. § 2254 Rule 2(c) (applicable through Rule 1(b) to petitions under 28 U.S.C. § 2241). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## **LEGAL ANALYSIS**

A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).

Several Courts of Appeals, including the Court of Appeals for the Third Circuit, have held that an INS detainer requesting advance notice of a prisoner's release, without more, does not satisfy the "in custody" requirement of § 2241. See, e.g., Green v. Apker, 153 Fed. Appx. 77, 79 (3d Cir. 2005)(unpubl.)

("According to most courts which have considered the custody question, a prisoner who is serving a criminal sentence is not in B[ureau of] I[mmigration and] C[ustoms] E[nforcement] custody simply because the BICE has lodged a detainer against him with the prison where he is incarcerated."); Zolicoffer v. United States Dept. of Justice, 315 F.3d 538, 541 (5th Cir. 2003) ("prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them"); Garcia v. Taylor, 40 F.3d 299, 303, 304 (9th Cir. 1994) ("the bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available" where it does not ask "the warden to do anything but release Garcia at the end of his term of imprisonment"); Prieto v. Gluch, 913 F.2d 1159, 1164 (6th Cir. 1990) (petitioner not "in custody" where INS "detainer notice does not claim the right to take a petitioner into custody in the future nor does it ask the warden to hold a petitioner for that purpose"); Orozco v. Immigration and Naturalization Serv., 911 F.2d 539, 541 (11th Cir. 1990) ("filing of the detainer, standing alone, did not cause Orozco to come within the custody of the INS"); Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988) (where detainer "merely notifies prison officials that a decision regarding his deportation will be made by the INS at some future date ... filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of

the INS"). Thus, Petitioner does not satisfy the "in custody" requirement of § 2241. Even assuming, <u>arguendo</u>, that the detainer does place Petitioner "in custody," the Court nevertheless lacks jurisdiction over the Petition for two reasons.

First, Petitioner does not assert a violation of the Constitution, treaties, or laws of this country. Petitioner challenges a detainer lodged by the DHS. A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent." <u>Fex v. Michigan</u>, 507 U.S. 43, 44 (1993). Petitioner concedes that he is subject to a final order of removal, but insists that the DHS detainer is unconstitutional because his removal to Cuba is not reasonably forseeable. Whether or not Petitioner's removal to Cuba could be effectuated today is irrelevant to the constitutionality of DHS's detainer. DHS cannot return Petitioner to Cuba until he completes or is paroled from his New Jersey sentence.[4] Given that Petitioner is subject to a final order of removal, the lodging of a detainer by DHS does not violate due process.

---

[4] Subject to certain exceptions not applicable here, federal law prohibits the United States Attorney General from "remov[ing] an alien who is sentenced to imprisonment until the alien is released from imprisonment." 8 U.S.C. § 1231(a)(4)(A).

6

Secondly, this Court lacks jurisdiction over any claims asserted by Petitioner which seek to challenge his underlying removal order, pursuant to the REAL ID Act.  See 8 U.S.C. § 1252(a)(5)(stating "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision . . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, . . . .").  Petitioner must raise any claims challenging his removal to the ICE or the appropriate Court of Appeals.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, will be dismissed.  An appropriate Order accompanies this Opinion.

/s/ Jose L. Linares
JOSE L. LINARES
United States District Judge

Dated: February 26, 2008